**167 So. 750**
**DEMERELL v. GERLINGER.**
No. 33545.

March 30, 1936.

See, also, 183 La. 704, 164 So. 633.

John B. Jouandot, of New Orleans, for appellant.

Maurice B. Gatlin, of New Orleans, for appellee.

HIGGINS, Justice.

William J. Demerell sued his wife for a separation from bed and board on the ground of alleged cruel treatment. His wife filed a rule against him to show cause why he should not be condemned to pay her alimony pendente lite and an additional sum of $15 to defray costs of court.

He filed an exception of no right or cause of action and a plea to the jurisdiction of the court on the ground that his wife had instituted alimony proceedings against him in the juvenile court for the parish of Orleans.

The rule was tried on its merits and judgment was rendered in favor of the wife, granting her the sum of $40 per month alimony, subject to a credit of $5 per week, as long as that amount was paid by him as alimony in the juvenile court. He was further directed to deposit with the clerk of the civil district court the sum of $15 covering costs of court, and required to furnish a bond in the sum of $150, to guarantee the payment of any attorney's fees that he might be condemned to pay.

Plaintiff appealed.

It appears that the case was regularly set for hearing in this court and plaintiff failed to file a brief or to have his counsel present oral argument.

The exception of no right or cause of action is clearly without merit and it is therefore overruled.

The exception to the jurisdiction of the court is not well founded, the Constitution (art. 7, § 35) clearly providing that the

civil district court has jurisdiction of separation from bed and board cases and rules for alimony pendente lite, which are incidental demands.

The record shows that the plaintiff is regularly employed, earning $42.50 per week, or approximately $170 per month; he pays $8 per week for his meals and $1.50 a week for laundry. It was also shown that the wife had no income. There was no issue born of the marriage and it does not appear that the plaintiff has any other dependents. The sum of $40 per month for alimony pendente lite for the wife is therefore reasonable.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.